UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-20932

ANA CAAMANO,

    Plaintiff,

vs.

7 CALL CENTER INC.,
CHABAN WELLNESS LLC,
ALEJANDRO J. CHABAN, and
RONALD DAY,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Ana Caamano, on behalf of herself and others similarly situated, sues Defendants, 7 Call Center Inc., Chaban Wellness LLC, Alejandro J. Chaban, and Ronald Day, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Ana Caamano**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. She was an employee of Defendants as the term "employee" is defined under Florida law and consents to participate in this lawsuit. [ECF No. 1-1.]

2.     Plaintiff is but one of a much larger class of similarly situated people entitled to recover additional overtime wages as a result of Defendants' failure to properly calculate and pay overtime wages.

1

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com  www.fairlawattorney.com

3. **Defendant, 7 Call Center Inc.**, is a for profit Florida company that is *sui juris* and has operated its telemarketing/diet business here, in Miami-Dade County, Florida, at all times material.

4. **Defendant, Chaban Wellness LLC**, is a for profit Florida company that is *sui juris* and has operated its telemarketing/diet business here, in Miami-Dade County, Florida, at all times material.

5. **Defendant, Alejandro Chaban ("Chaban")**, was and is an owner and operator of the corporate Defendants for the relevant time period. He ran their day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

6. **Defendant, Ronald Day ("Day")**, was and is an owner and operator of the corporate Defendants for the relevant time period. He ran their day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

7. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d). Chaban Wellness, LLC, Chaban, and Day employed Plaintiff until some time in 2014, at which time 7 Call Center, Inc., Chaban and Day employed Plaintiff without any interruption. The only "real" difference was the change in the name of the corporation that paid Plaintiff.

8. This Court has jurisdiction over Plaintiff's FLSA claims.

9. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal place of business in Miami-Dade

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

*Common Background Factual Allegations*

10. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

11. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, sales, promotion, brokerage, and transacting of telemarketing services in interstate commerce. Defendants marketed, promoted, brokered, and transacted their telemarketing business by contacting out-of-state consumers while using machinery, appliances, telephones, computers, computer networking equipment, computer software, telephones, telephone equipment, goods and materials that also have moved through interstate commerce.

12. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

13. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

14. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

15. Plaintiff's work for Defendants was actually in or so closely related to the

3

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of selling diet products to persons located outside of the State of Florida while utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

16. Plaintiff worked for Defendants from November 1, 2014 to May 15, 2015 in various non-exempt positions performing inside sales.

17. Defendants paid Plaintiff at a rate of $10.00 per hour, plus a non-discretionary commission of 3% of her sales.

18. Although Plaintiff worked overtime during this period, at approximately 45-47 hours per week, Defendants failed to include the value of her commissions in the overtime paid to her.

19. The FLSA requires, at §778.118, that " When the commission is paid on a weekly basis, it is added to the employee's other earnings for that workweek . . . and the total is divided by the total number of hours worked in the workweek to obtain the employee's regular hourly rate for the particular workweek."

20. Defendants failed and refused to pay Plaintiff and the class of similarly situated hourly employees at the rate of time and one-half of her regular rate of pay (including non-discretionary commissions earned) for all hours worked over 40 hours in a workweek.

21. The class of similarly situated employees employed by Defendants who may become Plaintiffs in this action are current and formerly employees of Defendant who were paid an hourly rate of pay, plus a non-discretionary commission on sales, who are and who were subject to the same payroll practices and procedures.

22. The class of similarly situated sales employees employed by Defendants are

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiff.

23. Defendants paid Plaintiff according to the same pay practice that it applied to its other employees who, like Plaintiff, received an hourly wage plus commissions – but who did not receive overtime pay that took into account the non-discretionary commission income.

24. Plaintiff performed the same type of work under the same procedures, rules, and regulations, as a class of Defendants' other similarly situated employees who were paid hourly with a non-discretionary commission on their sales.

25. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

26. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I –FLSA OVERTIME CLAIM

Plaintiff reincorporates and re-allege all preceding paragraphs as though set forth fully herein and further allege as follows:

27. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of her regular hourly rate for all hours worked over 40 hours in a given workweek.

28. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked during the relevant time period.

29. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff and the class of similarly situated employees the correct overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States,

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

they intentionally misled Plaintiff and the class of similarly situated employees to believe that Defendants were not required to pay an overtime that included commission as part of their calculations, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff and the class of similarly situated employees the overtime pay earned.

30. Plaintiff and the class of similarly situated employees are entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff Ana Caamano, on behalf of herself and all others similarly situated, demands the entry of a judgment in her favor and against Defendants, 7 Call Center Inc., Chaban Wellness LLC, Alejandro J. Chaban, and Ronald Day, jointly and severally, after trial by jury and as follows:

a. That the Court certify the instant suit as an opt-in class action under 29 U.S.C. § 216(b) for all similarly situated employees who elect to join these proceedings at the earliest opportunity so that Plaintiff can send notice to all similarly situated employees of Defendant who worked as hourly managers at all premium pay stores during the past three years;
b. That the named Plaintiff and all class members who opt in recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;
c. That Plaintiff and the class recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

d. That the Defendant be Ordered to make the Plaintiff and all class members who opt in whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. All interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 14th day of March, 2016.

>Respectfully Submitted,
>
>FAIRLAW FIRM
>*Counsel for Plaintiff*
>8603 S. Dixie Highway
>Suite 408
>Miami, FL 33143
>Tel: 305.230.4884
>Fax: 305.230.4844
>
>s/*Brian H. Pollock, Esq.*
>Brian H. Pollock, Esq.
>Fla. Bar No. 174742
>brian@fairlawattorney.com

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com  www.fairlawattorney.com