UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:   16-20932-CIV-GAYLES

ANA CAAMANO,

     Plaintiff,
vs.

7 CALL CENTER INC., CHABAN
WELLNESS LLC, ALEJANDRO J.
CHABAN, and RONALD DAY,

     Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Certification of Collective Action and for Permission to Send Court Supervised Notice [ECF No. 12] and Plaintiffs' Motion for Corrective Action and Motion to Invalidate Arbitration Agreements [ECF No. 26]. The Court has considered the Motions, the record, and applicable law. For the reasons set forth below, the Motion for Certification of Collective Action is granted and the Motion to Invalidate Arbitration Agreements is denied without prejudice.

### I.   BACKGROUND

Plaintiff Ana Caamano brought this action against Defendants 7 Call Center Inc., Chaban Wellness LLC, Alejandro J. Chaban, and Ronald Day for failure to include non-discretionary commissions in her overtime pay in violation of the Fair Labor Standards Act, 29 U.S.C. §201-219 ("FLSA"). Plaintiff alleges that she worked for Defendants from November 3, 2014, to May 15, 2016, as a sales agent.

On May 11, 2016, Plaintiff filed the Motion seeking to certify a class consisting of "[a]ll persons who are currently, or who were, employed by 7 Call Center, Inc., Chaban Wellness, Alejandro J. Chaban, and/or Ronald Day from March 15, 2013 to the present as a sales employees, as Sale Representatives, Customer Retention Specialists, or other similarly titled positions, either directly by Defendants or through any of their subsidiaries or affiliated companies. " [ECF No. 12]. In support, Plaintiff relies on the Notices of Consent to Join filed by Christopher Torres ("Torres") and Maria Garcia ("Garcia") and Torres and Garcia's Declarations attached to the Motion for Conditional Class Certification. *See* [ECF Nos. 6-1, 7-1, and 12-1]. Defendants oppose the Motion, asserting Plaintiff has not met his burden of proof in order for the Court to certify the class. In particular, Defendants assert that beginning on May 6, 2016, virtually all of their employees had signed a Dispute Resolution Agreement and are bound to arbitrate any claims against Defendants on an individual basis and that, therefore, Plaintiff is not similarly situated to the suggested class.

On June 8, 2016, Plaintiff filed a Motion for Corrective Action, asking the Court to invalidate Dispute Resolution Agreements signed by Defendants' current employees. Plaintiff argues that Defendants only required their employees to sign the Agreement after the filing of this lawsuit in an attempt to subvert the Court's authority to manage communications with putative class members.

## II.   DISCUSSION

**A. Legal Standard for Conditional Class Certification.**

The FLSA permits a plaintiff to bring a collective action on behalf of himself and other similarly situated employees. *See* 29 U.S.C. § 216(b). The purposes of § 216(b) collective actions are "(1) reducing the burden on plaintiffs through the pooling of resources, and (2)

efficiently resolving common issues of law and fact that arise from the same illegal conduct." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1264-65 (11th Cir. 2008) (citing *Hoffman-La Rouche, Inc. v. Sperling*, 492 U.S. 165, 170 (1989)). A class action brought under the FLSA, unlike a class action under Rule 23 of the Federal Rules of Civil Procedure, includes only those plaintiffs who affirmatively opt-in to the action by filing their consent in writing to the court in which the action is brought. *See* 29 U.S.C. § 216(b); *see also De Leon-Granados v. Eller & Sons Trees, Inc.*, 497 F.3d 1214 (11th Cir. 2007). The decision to certify the action does not create a class of plaintiffs. Rather, the existence of a collective action under § 216(b) depends on the active participation of other plaintiffs. *See Albritton v. Cagle's*, 508 F.3d 1012, 1017 (11th Cir. 2007). The benefits of a collective action "depend on employees receiving accurate and timely notice… so that they can make informed decisions about whether to participate." *Id.* (citing *Sperling*, 493 U.S. at 170). It is solely within the Court's discretion to grant conditional certification. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).

The Eleventh Circuit has sanctioned a two-stage approach to manage § 216(b) actions. *Morgan*, 551 F.3d at 1260. The first stage is commonly called the "notice stage" or "conditional certification." *Hipp*, 252 F.3d at 1214. If the Court approves conditional certification, putative class members receive notice of the action and the opportunity to opt-in. *Id.* Regarding this first stage the Eleventh Circuit stated,

> At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members. Because the court has minimal evidence, *this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class.*

*Id.* (emphasis added). The second stage occurs if the Defendant moves to decertify the class, typically near the end or close of discovery. *Morgan*, 551 F.3d at 1261. At this stage of the litigation, the Court can make a more informed decision. *Id.* As a result, this stage is "less lenient, and the Plaintiff bears a heavier burden." *Id.* (citing *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2008).

To grant conditional certification, the Court must find that there are other employees who (1) desire to opt-in to the action, and who (2) are "similarly situated" with regard to their job requirements and pay provisions. *See Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *see also Bennett v. Hayes Robertson Group, Inc.*, 880 F. Supp. 2d 1270, 1282-83 (S.D. Fla. 2012). A plaintiff has the burden of showing a "reasonable basis" for his claim that there are other similarly situated employees who wish to opt-in. *Morgan*, 551 F.3d at 1260. "If the plaintiff does not satisfy his burden, the Court should decline certification of a collective action to 'avoid the 'stirring up' of litigation through unwarranted solicitation." *Bedoya v. Aventura Limousine & Transportation Service, Inc.*, No. 11-CIV-24432, at *5 (S.D. Fla. Apr. 10, 2012) (citing *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1318 (M.D. Ala. 2002)).

**B. Opt-In Employees.**

Plaintiff's burden to show that there are other "potential opt-ins is not onerous." *Rojas v. Garda CL Southeast, Inc.*, No. 13-CV-23173, 2013 WL 6834657, at *9 (S.D. Fla. Dec. 23, 2013). "[T]he existence of just one other co-worker who desires to join in is sufficient to 'rais[e] the Plaintiff's contention beyond one of pure speculation.'" *Bennett*, 880 F. Supp. at 1283 (quoting *Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 WL 2290512, at *4 (S.D. Fla May 17, 2006)) (holding evidence that at least one other employee desires to opt-in is the "minimum quantum of evidence" necessary to raise plaintiff's claim beyond one of pure

4

speculation). Courts have conditionally certified classes with as few as two affidavits from potential plaintiffs. *See Wynder v. Applied Card Sys., Inc.*, No 09-80004, 2009 WL 3255585, at *3 (S.D. Fla. Oct. 7, 2009). However, there must be more than "counsel's unsupported assertions that FLSA violations [are] widespread and that the additional plaintiffs would come" forward. *Morgan*, 551 F.3d at 1260-61 (citing *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983)).

In support of certification, Plaintiff filed Christopher Torres and Maria Garcia's Consents to Join and declarations. The Court finds, in light of *Bennett*, that Plaintiff has raised the contention beyond "one of pure speculation," and met her burden on this issue. 880 F. Supp. 2d at 1283.

**C. Other Similarly Situated Employees.**

The FLSA does not define "similarly situated" nor has the Eleventh Circuit adopted a precise definition. *Morgan*, 551 F.3d at 1259. Case law suggests that district courts may look to whether employees are "similarly situated" with respect to their job requirements and pay provisions." *Dybach*, 942 F.2d at 1567-68. The Eleventh Circuit has emphasized, however, that courts must analyze whether employees are *similarly* situated and "not whether their positions are identical." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).

Courts frequently look to the following five factors to conduct this analysis:

> (1) whether the plaintiffs all held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; [and] (5) the extent to which the actions which constitute the violations claimed by the plaintiffs are similar.

*Smith v. Tradesmen Intern, Inc.*, 289 F. Supp. 2d 1269, 1372 (S.D. Fla. 2003) (citing *Stone v. First Union Corp.*, 203 F.R.D. 532 (S.D. Fla. 2001)). While these factors are not necessarily

determinative of status as similarly situated employees, and no one factor is dispositive, *Reyes v. Carnival Corp.*, No. 04-21861, 2005 WL 4891058, at *7 (S.D. Fla. 2005), they are "insightful and helpful," *Meggs v. Condotte Am. Inc.*, 2012 WL 3562031, at *3 n.5.

Courts routinely conditionally certify a class where the plaintiff has filed affidavits, and/or notices of consent to join that demonstrate how the named plaintiff and the putative class members are similarly situated. *See Joseph v. Family Preservation Servs. of Florida, Inc.*, No. 10–81206–CIV., 2011 WL 1790167 (S.D. Fla. 2011) (holding that the plaintiffs and the putative class members were similarly situated where all seven affidavits filed alleged that the employees had the same responsibilities and duties as the plaintiffs, they were all paid a salary, and routinely worked over 40 hours a week).

Plaintiff, via the Torres and Garcia declarations and consents to join, has demonstrated that Plaintiff and the opt-in Plaintiffs were all in sales positions and did not receive overtime that took into account the commissions they earned while working. As a result, the Court finds Plaintiff has satisfied her burden that there are similarly situated employees who would opt-in.

Defendants argue that Plaintiff cannot represent the suggested class because many of the potential members are bound, by the Agreements, to resolve their claims on an individual basis. The Court finds that it is premature to address the validity and effect of the Agreements. The Court will revisit these issues on a motion to decertify the class, if and when it is filed. Accordingly, the motion to conditionally certify the class is granted, but the motion to invalidate the agreements is denied without prejudice. The Court notes that it has "broad authority" to "manage parties and counsel in an FLSA collective action" including to correct conduct that is "misleading, coercive, and clearly designed to thwart" employees' decisions to participate in an FLSA collective action. *Billingsley v. Citi Trends, Inc.*, 560 Fed.Appx. 914, 921-22 (11th Cir.

2014). *See also Espinoza v. Galardi South Enterprises, Inc.*, No. 14-21244-CIV-Goodman, 2015 WL 9592535 at *7 (S.D. Fla. Dec. 31, 2015) (court exercised its managerial powers and refused to enforce arbitration agreements against opt-in claimants).

### D. Notice

The Court finds the proposed Notice is appropriate. Defendants object to the emailing of notice, however, Courts routinely approve email notice to potential opt-in class members. *See Alequin v. Darden Restaurants, Inc.*, No. 12-61742-CIV-Rosenbaum, 2013 WL 3945919, at *2 (S.D. Fla. July 31, 2013). The Court also finds that posting a Notice in a break room or common employee area is appropriate. *See Martinez v. DHL Express (USA) Inc.*, No. 15-22505-CIV-Altonaga, 2016 WL 455394, at *9 (S.D. Fla. Feb. 5, 2016). Plaintiff's proposed follow-up reminder is appropriate as it will ensure that potential class members are aware of their rights within the relevant time period. *See Collado v. J & G Transp. Inc.*, No. 14-80462-CIV-Goodman, 2014 WL 5390569 at *6 (S.D. Fla. Oct. 23, 2014). Finally, Plaintiff may provide notice in both English and Spanish.

Plaintiff prepared the proposed Notice before she was aware of the Dispute Resolution Agreements. As a result, she now asks the Court to include corrective language in the proposed Notice that informs potential class members "that they could join the lawsuit even if they had signed the arbitration agreement [on or after May 2016]." While the Court has deferred ruling on the validity and effect of the Dispute Resolution Agreements on this action, it does find that for purposes of the notice to potential class members, the corrective language is appropriate.

### III.   CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Certification of Collective Action and for Permission to Send Court Supervised Notice [ECF No. 12] is GRANTED. Plaintiff shall prepare an amended proposed notice, including the corrective language, and submit for the Court's approval on or before September 15, 2016.  It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Corrective Action and Motion to Invalidate Arbitration Agreements [ECF No. 26] is DENIED without prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida this 8th day of September, 2016.

_____
Honorable Darrin P. Gayles
United States District Judge