IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 16-CV-20932-GAYLES/TURNOFF

| | |
|---|---|
| ANA CAAMANO,<br><br>Plaintiff,<br><br>v.<br><br>7 CALL CENTER INC., CHABAN WELLNESS LLC, ALEJANDRO J. CHABAN, and RONALD DAY,<br><br>Defendants. | COLLECTIVE ACTION |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND
<u>DISMISSAL OF CASE WITH PREJUDICE</u>**

The Parties, Plaintiffs and Opt-In Plaintiffs, ANA CAAMANO, VICTOR RODRIGUEZ, CHRISTOPHER TORRES, EDWIN GUILCAPI, ERIK CATENA, DELFINA LISCANO, MARIA GARCIA, ANNY DE DEOLEO, FRANCES CORREA, ELAINE BENITEZ, and ALEXANDER R. FERNANDEZ (collectively, "Plaintiffs"), and Defendants, CHABAN WELLNESS LLC, 7 CALL CENTER INC., ALEJANDRO J. CHABAN, and RONALD DAY (collectively, "Defendants") (collectively, "Plaintiffs" and "Defendants" referred to herein as the "Parties") jointly request: (1) the Court approve the Confidential Settlement Agreement, Full Waiver of Claims, and General Release ("Settlement Agreement") entered into between the Plaintiffs and Defendants; and (2) the Court enter an Order of Final Dismissal of Plaintiffs' Claims against Defendants with Prejudice. In support of this Motion, the Parties jointly state as follows:

      1.    The Court certified this case as a collective action on September 8, 2016

[ECF No. 38].

2. The period within which to have all persons join this collective action expired on December 19, 2016.

3. The Parties have since resolved their dispute involving alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

4. Pursuant to federal law, settlements under the FLSA must be approved by either the Court or the U.S. Department of Labor to be binding. See Lynn's Food Stores v. U.S. ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352-1353 (11th Cir. 1982). In the former instance, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353. In this case, no complaint was filed with the U.S. Department of Labor. Rather, Plaintiffs brought their claims directly before the Court.

5. To approve the settlement, the Court should determine the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Id. at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. Id.; see also Sneed v. Sneed's Shipbuilding, Inc., 545 F.2d 537, 539 (5th Cir. 1977).

6. The Parties respectfully request the Court approve the Settlement Agreement, execute the Order of Final Dismissal of Plaintiffs' Claims with Prejudice against Defendants (which has been filed with this Motion), and dismiss this cause with prejudice with attorney's fees and costs to be paid pursuant to the terms of the Settlement Agreement. A copy of the Settlement Agreement is attached hereto as Exhibit "A."

7. The Parties agree that by entering into the Settlement Agreement and by consenting to the granting of the Order of Final Dismissal of Plaintiffs' Claims with Prejudice,

Defendants are not admitting any liability to Plaintiffs or anyone else. Finally, as a condition of dismissal, the Parties agree to dismissal of this action on the condition that the Court retains jurisdiction to enforce the terms of the Settlement Agreement. See <u>Anago Franchising, Inc. v. Shaz, LLC</u>, 677 F.3d 1272, 1280 (11th Cir. 2012).

8. As a condition of dismissal and approval, the Parties request that the Court reserve jurisdiction for 30 days to enforce their Settlement Agreement

**WHEREFORE**, the Parties jointly request the Court: (1) approve the attached Settlement Agreement; (2) enter an Order of Final Dismissal of Plaintiffs' Claims against Defendants with Prejudice; and (3) retain jurisdiction over enforcement of the Settlement Agreement.

Respectfully submitted this 16th day of February, 2017.

/s/ Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Florida Bar No. 174742
E-mail: Brian@Fairlawattorney.com

**FAIRLAW FIRM, P.A.**
7300 N. Kendall Drive, Suite 450
Miami, Florida 33156
Telephone: (305) 230-4884
Facsimile: (305) 230-4844
*Counsel for Plaintiff and Opt-Ins Plaintiffs*

/s/ Diane P. Perez
Diane P. Perez, Esq.
Florida Bar No. 41869
E-mail: diane@dianeperezlaw.com

**DIANE PEREZ, P.A.**
201 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (305) 985-5676
Facsimile: (305) 985-5677
*Counsel for Defendants*

/s/Andrew J, Vargas, Esq.
Fla. Bar No.: 59582
Email: Andrew@TrujilloVargas.com

**TRUJILLO VARGAS ORTIZ & GONZALEZ, LLLP**
815 Ponce De Leon Blvd., Third Floor
Coral Gables, FL 33134
Tel: (305) 631-2528
Fax: (305) 631-2741
eService: Service4@TrujilloVargas.com
*Co-Counsel for Defendants*